2024 IL App (1st) 230159-U

SECOND DIVISION
August 30, 2024

No. 1-23-0159

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CR 9920 (1) |
| | ) | |
| DANIEL ZAMORA, | ) | Honorable |
| | ) | Margaret M. Ogarek, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices Ellis and Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*: We reverse the trial court's summary dismissal of defendant's petition for postconviction relief; defendant stated an arguable claim he pleaded guilty to a void offense and his allegations are not frivolous, devoid of merit nor positively rebutted by the record; therefore the first stage dismissal cannot stand.

¶ 2    Defendant appeals the summary dismissal of his initial, *pro se*, petition for postconviction relief. On appeal, defendant argues the State charged him, and he pleaded guilty to, the preamendment offense of aggravated unlawful use of a weapon (AUUW), the preamendment offense of AUUW was declared void *ab initio*, and, therefore, his conviction must be vacated. The State argues defendant was actually charged with and pleaded guilty to unlawful use of a weapon by a felon (UUWF), which is not unconstitutional, and, therefore, defendant's claims are frivolous and patently without merit. The trial court summarily dismissed the petition based on

finding that when defendant committed the offense and pleaded guilty to AUUW (not UUWF), the AUUW statute had been amended to cure the unconstitutionality, therefore the statute was not facially unconstitutional, and defendant's claim the statute he was charged with and pleaded guilty to was unconstitutional lacked merit.

¶ 3     We find defendant stated an arguable claim his conviction is void because it is based on conduct that is protected by the second amendment but nonetheless a question of fact exists as to whether defendant pleaded guilty to AUUW or UUWF. Because we find defendant's petition states an arguable constitutional claim based on facts that are not positively refuted by the record, we find the trial court erred in summarily dismissing the petition. Accordingly, we reverse the trial court's judgment and remand for further proceedings under the Post-Conviction Hearing Act.

¶ 4                                BACKGROUND

¶ 5     On June 19, 2019, police stopped a vehicle in which defendant was a passenger and conducted a search of the vehicle. Police found a backpack containing a loaded handgun and ammunition. Defendant admitted the backpack, gun, and ammunition were his. On June 30, 2019, the State filed a complaint against defendant. The complaint states that defendant committed the offense of "Aggravated Unlawful Use of a Weapon" in violation of 720 ILCS 5/24-1.6(b-5) in that defendant "knowingly carried in a vehicle an uncased, unloaded handgun with the ammunition immediately accessible at a time when he was not on his own land ***." The complaint also stated that defendant was a convicted felon.

¶ 6     On July 22, 2019, the State indicted defendant for "Aggravated Unlawful Use of a Weapon" in violation of 720 ILCS 5/24-1.1(a). Section 24-1.1 is the Unlawful Use of a Weapon by a Felon (UUWF) statute. The indictment in "Count Number 1" alleged that defendant

knowingly carried, in a vehicle not on his own land any pistol, revolver, or other firearm after having been convicted of the felony offense of possession of methamphetamine. Section 24-1.1(a) only requires possession of a weapon and a prior felony conviction.

¶ 7    Count Two of the indictment charged defendant with violating 720 ILCS 5/24-1.6(a)(1) / (3)(A-5) and (3)(c) and Count three charged defendant with violating 720 ILCS 5/24-1.6(a)(1) / (3)(A). Section 24-1.6 is the Aggravated Unlawful Use of a Weapon (AUUW) statute which requires (1) possession but exempts possession on one's own land or in their abode; and (2) one additional factor, including factor (3)(A) which is that the firearm "*other than* a pistol, revolver, or handgun" (emphasis added) was uncased and immediately accessible.

¶ 8    At a plea hearing, the State informed the trial court that it had agreed "to dispose of this matter with a four-year recommendation. Four years IDOC on Count Number One." The trial court inquired whether this case was "a class two aggravated UUW [(AUUW)]" based on an underlying conviction for a class four felony and the parties agreed it was. The court admonished defendant that he was before the court "on the charge of aggravated unlawful use of a weapon" (AUUW), and that "[t]he charge you're pleading guilty to is a class two felony." Defendant stated he pleaded guilty. The factual basis for the plea was that a police officer stopped a vehicle with an expired registration in which defendant was the passenger. The police searched the vehicle and found methamphetamine in the vehicle and a backpack containing drug paraphernalia and a loaded handgun, that had been reported stolen in another state, with six rounds of ammunition. Defendant admitted the backpack and its contents belonged to him. The trial court made "a finding of guilty to the charge of unlawful use of a weapon." The court asked the State whether "[a]ll other counts *** are motion State *nolle pros*, is that correct?" and the State responded that was correct.

¶ 9    On January 6, 2021, the trial court entered an "Order of Commitment and Sentence to Illinois Department of Corrections" that states defendant was found guilty of count one, "AGG UUW/VEH/PREV CONVICTION" in violation of 720 ILCS 5/24-1.6(A)(1).

¶ 10    On September 14, 2022, defendant filed a *pro se* petition for postconviction relief. The petition alleged that "our supreme court has held that the AUUW statute with the aggravated [*sic*] factor ('A') (720 ILCS 5/24-1.6(a)(1) or (a)(2), (a)(3)(A)) [is] unconstitutional [and] void *ab initio*. Thus, he petitions that this court vacate his conviction." Defendant restated that he was convicted under section 24-1.6(a)(2), (a)(3)(A), which he claimed is "the same statute that was declared unconstitutional void *ab initio*."

¶ 11    On November 23, 2022, the trial court summarily dismissed the postconviction petition as frivolous or patently without merit. The trial court stated defendant entered a plea agreement "to count one, class two aggravated unlawful use of a weapon [(AUUW)]." The court found that *Aguilar* "held violations of aggravated unlawful use of a weapon under 24-1.6(a)(1) unconstitutional for offenses committed prior to July 9, 2013" and noted that defendant committed his offense "well after the date identified by *Aguilar*." The court also noted that the statute was amended in 2013 and 2017 and concluded that "[t]he statute upon which [defendant] was convicted was not the same statute that *Aguilar* found unconstitutional. It had since changed and by the time [defendant] committed his offense, a conviction under 24-1.6(a)(1) was no longer unconstitutional."

¶ 12    The trial court acknowledged that the indictment stated the offense under count one was for UUWF, not AUUW. The court found this to be a scrivener's error based on the fact (1) the indictment the grand jury foreman actually signed states the offense is aggravated unlawful use of a weapon; (2) the title of the charge listed on count one is "Aggravated Unlawful Use of a

Firearm;" and (3) the narrative of the offense "matches that of the offense of aggravated unlawful use of a firearm." The court also considered that the other two counts in the indictment "both correctly list the crime of aggravated unlawful use of a weapon pursuant to code 720 ILCS 5/24-1.6." The court found that the error in count one is not fatal to the indictment because defendant "was adequately apprised of the charges against him" and that, taken as a whole, the indictment "was sufficient to allow defendant to understand the nature of the charge against him, assist in his defense, and enter into a voluntary plea;" and the court "properly sentenced [defendant] for the offense of aggravated unlawful use of a weapon" (AUUW).

¶ 13    The trial court also rejected defendant's argument that his conviction must be vacated because the record establishes that he was convicted under a non-existent subsection of the statute. The petition argued that if a capital "A" in the mittimus was not a typo that should have been a lowercase "a," then no such statute exists. (Nonetheless, the petition claims that defendant "was convicted under section 24-1.6(a)(1), (a)(3)(A).") The trial court's written order found that the mittimus reads that defendant was convicted under 720 ILCS 5/24-1.6(A)(1), "which is correct" and "does not reflect (a)(2)." The written order found that the postconviction petition is "not based in law or in fact" but is based on a "meritless legal theory." Defendant appealed.

¶ 14                                    ANALYSIS

¶ 15    This is an appeal from the summary dismissal of an initial petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-9 (West 2020)). We review the summary dismissal of a petition under the Act *de novo*. *People v. Laney*, 2024 IL App (1st) 221129, ¶ 50.

¶ 16    The Act creates a three-stage process to adjudicate a petition for relief under the Act. *Id*. "At the first stage, the circuit court determines, without input from the State, whether a petition is

frivolous or patently without merit." *Id.*, 725 ILCS 5/122-2.1(a)(2) (West 2020). To make this determination the court "reviews the petition on its own, without input from the parties. [Citation.] The court may review the court file, the transcripts, and any appellate court actions. [Citation.] The court treats the allegations of fact as true so long as those allegations are not positively rebutted by the record." *People v. Smith*, 2023 IL App (1st) 221496, ¶ 32. To determine whether that allegation of fact is positively rebutted by the record, "we must ask whether it is 'clear from the trial record that no fact finder could ever accept the truth of [this] evidence.' [Citation.]" *People v. Simms*, 2021 IL App (1st) 161067-B, ¶ 28.

¶ 17     If it is determined that the petition is frivolous or patently without merit, the trial court may summarily dismiss the petition. *Smith*, 2023 IL App (1st) 221496, ¶ 33 ("Any petition deemed frivolous or patently without merit must be dismissed." (citing 725 ILCS 5/122-2.1(a)(2) (West 2022))). "To survive summary dismissal, a *pro se* postconviction petition is not required to allege facts supporting all elements of a constitutional claim." *Smith*, 2023 IL App (1st) 221496, ¶ 26. See also *People v. Hodges*, 234 Ill. 2d 1, 11 (2009). "[T]he post-conviction petition 'need only present a limited amount of detail' ([citation]) and hence need not set forth the claim in its entirety. Further, the petition need not include 'legal arguments or [citations] to legal authority.' [Citation.]" *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). If we find that the defendant has set forth a constitutional claim with an arguable basis either in law or in fact, the proper remedy is to reverse the trial court's judgment summarily dismissing the postconviction petition and remand for second stage proceedings. *Hodges*, 234 Ill. 2d at 16 ("a *pro se* petition seeking postconviction relief under the Act may be summarily dismissed as 'frivolous or *** patently without merit' *** only if the petition has no arguable basis either in law or in fact.").

¶ 18    In his appeal from the summary dismissal of the *pro se* petition, defendant, represented by counsel, argues that defendant "was not convicted under the amended, constitutional form of section 24-1.6(a)(1) / (3)(A) that became effective on July 9, 2013, because the State did not present evidence that [defendant] possessed any firearm except a handgun, which was not criminalized conduct under the amended AUUW statute." Defendant argues he was only convicted for possessing an immediately accessible handgun in a vehicle, which is "the same statute found void *ab initio* in *Aguilar* and *Burns*, not the amended statute." Defendant argues the indictment fails to mention any of the factors listed in section (3)(A) through (3)(I) of the amended statute and the State did not prove up any of these factual elements at the plea hearing. Thus, defendant concludes, the State "only established the elements for (a)(1) / (3)(A) under the prior version of the statute invalidated in *Aguilar*." Therefore, his conviction for aggravated unlawful use of a weapon (AUUW) must be reversed.

¶ 19    Defendant recognized that the Illinois legislature did amend section 24-1.6, but he argues that amendment excepted pistols, revolvers, or handguns. 720 ILCS 5/24-1.6(a)(1), (3)(A) (West 2020). In this case, defendant argues, he was "convicted of possessing a handgun; therefore defendant was "not convicted under the amended, constitutional form of section 24-1.6(a)(1) / (3)(A)." Defendant argues "[t]he State did not present evidence that [defendant] possessed any firearm" other than a handgun, "which was not criminalized conduct under the amended AUUW statute." Defendant contends that the State's factual basis for defendant's guilty plea only stated that defendant carried on his person a firearm that was loaded and immediately accessible, and that is the offense found void *ab initio* in *Aguilar* and *Burns*. The amended constitutional statute requires the State to prove that one of the elements listed in section 24-1.6(3)(A) was satisfied. Defendant argues that he was not charged with having satisfied any of those elements because

"there is no mention of the relevant elements of those offenses in the indictment, nor did the State prove up any of these factual elements at the plea hearing."

¶ 20    On appeal, for the first time, the State raised its argument that defendant is actually convicted of UUWF. The State's sole argument is that "the *pro se* post-conviction petition was properly dismissed at the first stage because [defendant] was actually convicted of UUWF, and the UUWF statute has not been found unconstitutional under *Aguilar* or any other precedent." The State noted that count one of the indictment alleged that defendant was charged with carrying a handgun after having been previously convicted of a felony and cited to the statute for UUWF (720 ILCS 5/24-1.1(a)). In support of the claim defendant was actually convicted of UUWF, not AUUW, the State argues the reference in count one of the indictment to AUUW was the actual scrivener's error that carried over to the mittimus; but the offense charged in count one of the indictment was UUWF in violation of section 24-1.1. The State agrees that "[v]aried terminology describing the offense charged in count one appears throughout in the record" but argues that "a review of the totality of the record shows that petitioner was charged with and [pled] guilty to UUWF, and the references to AUUW are the result of the initial scrivener's error in the caption of the indictment." The State argues that the indictment described conduct consistent with UUWF, and "aside from the caption all the remaining required information *** is all accurate for UUWF." The State argues the indictment sufficiently informed defendant of the offense charged to satisfy section 111-3 of the Code of Criminal Procedure (725 ILCS 5/111-3(a) (West 2020)) "regardless of the incorrect offense name used in the caption." The State also argues that by pleading guilty, defendant waived any challenge to the defect in the indictment.

¶ 21    The State also argues that defendant's theory that his conviction for AUUW was "in substance" a conviction under the preamendment AUUW is not clearly defined and was never

presented to the trial court and would amount to an as-applied rather than a facial challenge to the statute, that is forfeited for review. The State notes defendant did not address the procedural bar to raising a new claim for the first time on appeal or argue that an as-applied challenge could be liberally construed from the postconviction petition.

¶ 22    In a supplemental brief to this court defendant argues he was "functionally convicted under [the pre-amendment] version of the statute." Defendant's supplemental briefing states that, "only if this court agrees with the State's new position that this has been a UUWF prosecution all along," should it consider whether the UUWF statute is unconstitutional on its face. Defendant argues the petition fairly includes the claim the UUWF statute is unconstitutional on its face.

¶ 23    Moreover, defendant argues the UUWF statute violates the second amendment pursuant to *Bruen* or at the very least, a second amendment challenge is arguable, such that his petition should not have been summarily dismissed even if this court determines defendant was convicted of UUWF. Defendant argues his claim that the UUWF statute is unconstitutional on its face pursuant to *Bruen* is not "indisputably meritless" in light of the division of opinion among the courts of this State and this country on the issue. Alternatively, defendant argues that facial challenges to statutes can be raised at any time, including for the first time on appeal, and this is a facial challenge because the only facts the court needs to know are the elements of the offense (possession and a prior felony conviction) and that the offense was charged against the defendant.

¶ 24    The State's supplemental response argues the petition cannot be liberally construed to allege the statute under which defendant was convicted—that statute being UUWF—is facially unconstitutional under *Bruen* because the petition "exclusively asserted that the statute under which petitioner had plead guilty was void *ab initio* under *Aguilar*." The State asserts that "the

*Aguilar* claim *** was correctly dismissed *** because [defendant] was actually convicted of UUWF" and not the AUUW statute addressed in *Aguilar*, which was a "version of the AUUW statute that was no longer in effect." The State repeated its view that "petitioner always has stood charged with and convicted of UUWF, and the references in the record to AUUW are the byproduct of a scrivener's error in the caption of the indictment that went unnoticed by all parties until the instant appeal." The State alternatively argues Illinois courts have consistently held that the UUWF statute is facially constitutional after *Bruen*.

¶ 25 Defendant filed a reply to the State's opening response and a supplemental reply to the State's supplemental response.

¶ 26 We find defendant has set forth an arguable legal claim that his conviction is unconstitutional because the conduct for which defendant was convicted is protected by the second amendment. We make no findings on the merits of defendant's claim; we find only that defendant has stated a claim with an arguable basis in law and fact.

¶ 27 The facts of defendant's conviction and sentence are unremarkable. On appeal, the facts became more varied. A major point of contention between the parties is what defendant actually stands convicted of. As noted by defendant, prior to this appeal, it appears that everyone— including the State—behaved as if defendant stood convicted of AUUW. Defendant argues the State actually charged him and the trial court convicted him of the "preamendment" version of AUUW, which our supreme court had previously found to be void *ab initio*. On appeal, the State for the first time raised the argument that the trial court actually convicted defendant of UUWF.

¶ 28 The Act sets forth strict guidelines the court is to follow when adjudicating a postconviction petition. One of those guidelines states that the court treats the allegations of fact as true so long as those allegations are not positively rebutted by the record. *Smith*, 2023 IL App

(1st) 221496, ¶ 32. Fact finding is impermissible at the first stage of postconviction proceedings. *People v. Scott*, 2011 IL App (1st) 100122, ¶ 23 ("At this stage, the circuit court is not permitted to engage in any fact-finding or credibility determinations, as all well-pleaded facts that are not positively rebutted by the original trial record are to be taken as true."). The postconviction petition alleges the trial court convicted defendant of AUUW in violation of the prior version of section 24-1.6(a)(1), (3)(A). The State argues this allegation of fact is erroneous, and the trial court actually convicted defendant of UUWF. The offense for which defendant stands convicted is a question of fact depending on, *inter alia*, what error in the indictment was the "scrivener's error" and what the parties intended.

¶ 29     We acknowledge the trial court's finding in summarily dismissing defendant's petition that defendant was convicted of the postamendment version of AUUW. However, "[a]t the dismissal stage of a postconviction proceeding, the trial court is concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity that would necessitate relief under the Act. [Citation.] At this stage, the circuit court is not permitted to engage in any fact-finding or credibility determinations, as all well-pleaded facts that are not positively rebutted by the original trial record are to be taken as true." *Scott*, 2011 IL App (1st) 100122, ¶ 23 (citing *People v. Coleman*, 183 Ill. 2d 366, 385 (1998)). We cannot say that no fact finder could ever accept the truth of the evidence that the trial court convicted defendant of the preamendment version of AUUW rather than the postamendment version of AUUW or UUWF. That allegation of historical fact is not "positively rebutted by the record." We also note that the State raised its argument that defendant is actually convicted of UUWF for the first time on appeal. At this stage of proceedings the trial court has not had the opportunity to consider the State's arguments and make a finding on that question.

¶ 30   Under the unique facts of this case the offense defendant was actually charged with, pleaded guilty to and was convicted of is a question of fact, and defendant's allegation that he was convicted of the void version of AUUW is not positively rebutted by the record. Defendant has pointed to ample evidence in the record that preamendment AUUW is the offense for which he stands convicted. We acknowledge the State's arguments in support of its contention that the court actually convicted defendant of UUWF; but those facts do not positively rebut defendant's allegation of fact. Based on the allegations in the indictment and the factual basis for the plea, it is possible the trial court convicted defendant for conduct that was protected by the second amendment—functionally the prior version of the AUUW statute. Defendant's allegation is not "affirmatively and incontestably demonstrated to be false or impossible." See *People v. Robinson*, 2020 IL 123849, ¶ 60 (describing when newly discovered evidence is positively rebutted by the record). Based on those same facts, it is equally possible the trial court convicted defendant of UUWF, and the *mittimus* is simply in error. "The answers to these questions require factual determinations, which is precisely what should not be done during the first stage of postconviction review." *People v. Luciano*, 2013 IL App (2d) 110792, ¶ 86.

¶ 31   We make no finding as to what offense defendant was actually convicted of. We find the factual allegation identifying the offense at issue in this case as "preamendment" AUUW is not positively rebutted by the record; therefore, we must accept it as true. *Simms*, 2021 IL App (1st) 161067-B ¶ 28.

¶ 32   Accepting as true, only for purposes of reviewing the first stage dismissal of the postconviction petition, defendant's claim the trial court convicted him of a prior version of AUUW, we must now address whether defendant has stated an arguable claim his conviction is unconstitutional. Defendant's petition claims that the statute he was convicted of violating is

*facially* unconstitutional and therefore void *ab initio*. When a statute is declared void *ab initio*, it means it is treated "as if the law never existed." *People v. Daniel*, 2022 IL App (1st) 182604, ¶ 76. When defendant committed the offense, was charged, and pleaded guilty, the AUUW statute was not facially unconstitutional. We must accept as true the State charged and the trial court convicted defendant based on conduct described by the preamendment AUUW statute. Additionally, defendant has provided sufficient detail to state a separate claim that the conduct for which he was convicted is protected by the second amendment. *Edwards*, 197 Ill. 2d at 244 (at the first stage the petition only requires a limited amount of detail and "need not include 'legal arguments or [citations] to legal authority.' [Citation.]").

¶ 33     Assuming defendant was convicted of the version of the AUUW statute declared void in *Aguilar*, his conviction must be vacated. *In re N.G.*, 2018 IL 121939, ¶ 42 (finding court has "an affirmative duty to invalidate [a void] AUUW conviction and to treat the statute on which it was based as having never existed.").

> "While a conviction and sentence based on a facially unconstitutional statute have no legal force or effect, and can be given none, their nullification is not self-executing. [Citation.] Judicial action is necessary. [I]t is axiomatic that no judgment, including a judgment of conviction, is deemed vacated until a court with reviewing authority has so declared. [Citation.] The voidness of a conviction and sentence based on a facially unconstitutional statute may be addressed either on direct review of the conviction and sentence or in a collateral proceeding."
> (Internal quotation marks omitted) *In re N.G.*, 2018 IL 121939, ¶ 52.

¶ 34     Defendant has taken the proper judicial action to vacate a void conviction. *N.G.*, 2018 IL 121939, ¶ 53 ("Illinois law provides two statutory options for collaterally attacking an invalid

judgment in a criminal case. The first is a postconviction petition filed pursuant to the Post-Conviction Hearing Act ([citation]), and the second is a petition filed pursuant to section 2-1401 of the Code of Civil Procedure ([citation]).") "Illinois law permits void judgments to be impeached at any time in any proceeding whenever a right is asserted by reason of that judgment ***." (Internal quotation marks omitted.) *N.G.*, 2018 IL 121939, ¶ 43. Nonetheless, and despite a duty to vacate a void conviction, in this case, rather than simply vacate defendant's conviction, we must remand to the trial court because a question of fact exists as to which offense defendant was charged with and pleaded guilty to.

¶ 35    We agree with the State that "the question for this Court is not whether to reverse petitioner's conviction outright as petitioner contends, but rather, to determine whether the circuit court erred in summarily dismissing this claim at the first stage and accordingly, whether this case should be remanded for further post-conviction proceedings." This court also may not make factual determinations at this stage of proceedings, and we express no opinion on the disputed facts We also make no finding on the issue raised by the State that because the statute was constitutional when defendant was charged and convicted his claim is actually an as applied challenge to the AUUW statute. We find only that because defendant has stated an arguable claim that his conviction is unconstitutional and his allegations are not frivolous or devoid of merit and are also not positively rebutted by the record, our only option is to remand for second stage proceedings.

¶ 36                                    CONCLUSION

¶ 37    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand for further proceedings under the Act.

¶ 38    Reversed and remanded.